## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TYRONE CONNER**                                    **CIVIL ACTION**

**VERSUS**                                                    **NO. 06-1650**

**MARLIN GUSMAN, SHERIFF, SPECIAL**       **SECTION "N"(4)**
**INVESTIGATION DEPARTMENT (SID)**
**TIER DEPUTIES**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.      Factual Summary**

The plaintiff, Tyrone Conner ("Conner"), was incarcerated in the Allen Correctional Center in Kinder, Louisiana, at the time of the filing of this *pro se* and *in forma pauperis* complaint.[1] Conner filed this complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, the Special Investigation Department of the Orleans Parish Sheriff's Office,

---

[1]Plaintiff has been transferred to the Louisiana State Penitentiary in Angola, Louisiana. Rec. Doc. No. 21.

and unidentified tier deputies seeking damages as a result of the conditions of his confinement in the aftermath of Hurricane Katrina.

Conner alleges that he was incarcerated in a cell on the sixth floor of the House of Detention within the Orleans Parish Prison system at the time of the events that form the basis of this lawsuit. The plaintiff alleges that, on August 29, 2005, water began to rise from the toilets and floor drains. He alleges that his calls for help and requests to be moved were ignored by the tier deputies although he was told that help was coming. He complains that the water came in through the toilets and showers which started to back up and mix with sewage water contaminating the area. He further alleges that he was left with no food, no security, no medical attention, no drinking water, and no clean clothes.

Conner alleges that, at around 1:00 p.m. on September 1, 2005, he was taken by Louisiana State Penitentiary Officers to the roof of the jail and then through the police parking garage. He states that there was a boat waiting which took him to a bridge. Although he also claims that he then had to walk through flood water to the interstate, he contradictorily alleges that he sat on the bridge for two hours with no food, water or medical attention before being put on a bus.

Conner alleges that he was given a cup of water and a peanut butter sandwich while on the bus but denied additional servings. He was transported to the Allen Correctional Center and provided soap, clean clothes, and a bag lunch. He was also given a mattress and clean sheets.

Conner complains that the conditions that he was forced to stay in at the House of Detention violated the Louisiana and United States Constitutions. He further contends that the Sheriff's delay in evacuating him caused him great hardship also in violation of the Louisiana and the United States Constitutions. He therefore requests a trial by jury and monetary damages for each day he suffered.

2

He also seeks an order to have the Internal Affairs Office, ACLU Directors, and the Attorney General's Office held accountable for these errors.

## II.    Standard of Review

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

## III.   <u>Analysis</u>

### A.   <u>Claims Against Sheriff Gusman and the Unidentified Deputies</u>

Conner complains that the evacuation process utilized during Hurricane Katrina was not timely and was negligently performed causing him to suffer without food and water for a couple of days.  He therefore contends that the manner and timing of the evacuation constituted cruel and unusual punishment.

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted).  "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983.  However, a supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged

constitutional violation." *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Under a broad reading, Conner alleges that unidentified prison guards left him in the facility without attention or provisions. He does not identify these guards and therefore has not properly named them as defendants. Nevertheless, he has not established a constitutional violation by the guards or a basis for liability to be placed under § 1983 against Sheriff Gusman for their actions. He also has not alleged that Sheriff Gusman was personally involved in the events at the prison or the denial of provisions before or during the evacuation. Therefore, the claim against the Sheriff should be dismissed.

Furthermore, to the extent Conner claims that Sheriff Gusman or the unidentified tier deputies acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous. Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986). Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state

actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

Instead, an official must act with deliberate indifference to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). In this case, Conner has made no such showing of an intentional indifference by Sheriff Gusman.

In addition, Conner has also failed to show that the temporary conditions caused by Hurricane Katrina violated his constitutional rights. In order to prove that the conditions of his confinement violated the Fourteenth Amendment, an inmate must show, "that, from an objective standpoint, [they] denied him the minimal measure of necessities required for civilized living". *Farmer*, 511 U.S. at 834. An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs unless he demonstrates that the official acted or failed to act with deliberate indifference to those needs. *Hare*, 74 F.3d at 633.

Furthermore, federal courts have repeatedly held that the Constitution does not mandate that prisons provide comfortable surroundings or commodious conditions. *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998). For these reasons, a short term sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation. *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson*

6

*v. Illinois State Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995).  "[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)).

Conner has not alleged that Sheriff Gusman personally acted with deliberate indifference to his safety, any specific medical need, or to the sanitation of the prison during the unprecedented events and temporary conditions resulting from Hurricane Katrina, the largest natural disaster that the United States has experienced in its history.  Conner  recognizes that the officials realized the risk of harm caused by the rising waters and successfully evacuated the inmates from the prison, albeit under difficult and unpleasant circumstances.

Conner alleges that he was in the jail for several days  before being evacuated on September 1, 2005.  He complains that during that period he had no food, he lived in unsanitary conditions, and was left  with no assistance from the guards.  Even if  Conner could establish that the alleged neglect amounted to some intentional failure on the part of the guards at the prison, he could only proceed under § 1983 if he could show that he sustained a physical injury as a result of his exposure to these temporary conditions.

In his brief attached to the Complaint, the only discomfort alleged by Conner is that he was nauseous and vomited because of the smell and taste of raw sewerage and water.  However, Title 42 U.S.C. § 1997e(e) provides that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The United States Fifth Circuit, in interpreting this provision, has held that the phrase "physical injury" in § 1997e(e) means an injury that is more than *de minimis*, but need not be significant.  *Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th

Cir. 2003) (quoting *Harper*, 174 F.3d at 719 (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th

Cir. 1997) (where the Fifth Circuit first set forth its § 1997e(e) definition of physical injury))).

In *Alexander*, the Fifth Circuit held that vomiting and nausea were *de minimis* injuries and

were therefore insufficient for recovery under § 1997e(e)).  *Alexander*, 351 F.3d at 631.  These

same symptoms have been alleged by Conner.  Therefore, Conner's claims against the Sheriff and

the unidentified deputies seeking recovery for emotional damages based on nausea and vomiting

should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be

granted pursuant to Title 28 U.S.C. § 1915(e)(2) and Title 42 U.S.C. § 1997e(c)(1).

### B.    Claims against the Special Investigation Department

Conner has named the Special Investigation Department within the Orleans Parish Criminal

Sheriff's Office as a defendant.  Conner has not alleged any action or inaction by any specific or

identifiable member of this unit.

In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law

governs whether the SID unit, as a part of the Orleans Parish Criminal Sheriff's Office, can be sued.[2]

Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person."  This

term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality,

such as a corporation or partnership."  La. Civ. Code art. 24.  In Louisiana, however, Parish Sheriff's

Offices are not legal entities capable of suing or being sued.  *Ruggiero v. Litchfield*, 700 F. Supp.

863, 865 (M.D. La. 1988).

The State of Louisiana grants no such legal status to any Parish Sheriff's Office.  *Liberty Mut.*

*Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So.2d 236 (La. App. 3d Cir.), *writ refused*, 352 So.2d

---

[2]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  *See* FED. R. CIV. P. 17(b).

235 (La. 1977).  Thus, the SID unit within the Orleans Parish Criminal Sheriff's Office is not a juridical person capable of being sued under § 1983.  The claims against this entity are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

### C.       Claims under the Louisiana Constitution and State Law

Conner contends that the actions of the Sheriff and the unidentified tier officers violated his state constitutional rights which also forbid cruel and unusual punishment and otherwise acted negligently in abandoning the jail and delaying evacuation.  Under a broad reading, he brings these claims under state law.  Specifically, he indicates that his claims are brought under Section 20 of the Louisiana State Constitution which provides that  no law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment.  Also, La. Civ. Code art. 2315 *et seq.* provides that a person is liable for any act whatsoever which cause injury to another.

The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

The court is recommending dismissal of Conner's federal claims in their entirety as frivolous and otherwise for failure to state a claim for which relief can be granted.  Therefore, his  state law

claims should be dismissed without prejudice to his ability to assert them in the appropriate state forum as the Court declines to exercise its supplemental jurisdiction.

## IV.    **Recommendation**

It is therefore **RECOMMENDED** that Conner's § 1983 claims against Sheriff Gusman, the Security Investigation Department, and the unidentified deputies be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that Conner's claims brought pursuant to the Louisiana Constitution and state law be **DISMISSED WITHOUT PREJUDICE** because the Court declines to exercise its supplemental jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ____19th____ day of _____March_____, 2007.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**